UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : 3:04CR308(AVC) |
| | : |
| LEE BASKERVILLE | : |
| | : |

### RULING ON THE DEFENDANT'S
### MOTION TO COMPEL NOTICE (doc. no.58)

The defendant, Lee Baskerville, has filed the within motion (document no.58) requesting that the court order the government to provide the defendant "with notice, as soon as practicable, of the specific evidence the Government intends to use in its evidence in chief at trial . . ."  The government responds that it "has already served notice" that it "intends to introduce all physical evidence seized within the charged dates of the conspiracy."  The defendant, however, argues that such notice is "does not sufficiently alert the [d]efendant to anticipated trial evidence that may be subject to a motion to suppress."

Federal Rule of Criminal Procedure 12(b)(4)(B) provides, in part:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B).  Providing the defendant with access to Rule 16 discoverable material does not alone satisfy the Rule 12 notice requirement.  See United States v. de la Cruz-

Paulino, 61 F.3d 986, 992-93 (1st Cir. 1995); U.S. v. Brock, 863 F. Supp. 851, 868 (E.D. Wis. 1994).  The government, upon the defendant's request, must give the defendant notice of its intent to use any evidence that the subject to Rule 16 discovery in the government's case-in-chief.  The advisory committee's notes to Rule 12 state that the purpose of subsection (d) is to "give the defendant an opportunity before trial to move to suppress evidence" that the government actually intends to use in its case in chief.  Fed. R. Crim. P. 12 advisory committee's notes.

Courts have previously addressed Rule 12(b)(4)(B) motions where the government stated that it intends to introduce all of the material that it produced in discovery and have held that such notice is sufficient.  As one court noted, while "the government might not end up using all discoverable [material] . . . the court has no reason to doubt the sincerity of the government's statement" that it intends to introduce all disclosed evidence. United States v. Brock, 863 F. Supp. 851, 868 n.33 (E.D. Wisc. 1994).  Such notice "alerts the defendants to the fact that they should look at all of the discoverable material . . . in considering any motion to suppress." Id. at 868.  Accord U.S. v. Allen, 289 F. Supp. 2d 230, 250 (N.D.N.Y. 2003)(denying request for an order directing government to specify which evidence it intended to use where government previously indicated it intended to use "at trial . . . all of

the evidence referenced in the discovery material provided");
United States v. Lopez, 1999 WL 34969 at *6 (N.D.N.Y. Jan. 20, 1999).  Following these cases, the court concludes that the government has fulfilled the notice requirement of Fed. R. Crim. P. 12(b)(4)(B).  Accordingly, the motion (document no. 58) is DENIED as moot.

It is so ordered this 1st  day of July, 2005 in Hartford, Connecticut.

```
              _____/s/_____
              Alfred V. Covello
              United States District Judge
```