```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA        :
                                :
v.                              :      3:04CR308(AVC)
                                :
LEE BASKERVILLE                 :
                                :
```

### RULING ON THE DEFENDANT'S
### MOTION FOR DISCLOSURE (doc. no.60)

The defendant, Lee Baskerville, has filed the within motion (document no.60) for an order directing the government "to produce all Jencks Act materials." Specifically, the plaintiff requests that the court order the government to produce "grand jury testimony of all potential witnesses, and all written materials concerning all prosecution witnesses, as well as any and all reports, memoranda, notes and interview summations concerning such actual/potential government witnesses not less than 30 days prior to jury selection herein." The government responds that "early disclosure of such material can not be ordered." Furthermore, the government states that it "intends to voluntarily disclose Jencks material testimony, [and it] will address the defendants' request for time to examine the witness' statements before cross examination commences."

The Jencks Act, 18 U.S.C. § 3500, "is the exclusive vehicle for disclosure [to the defendant] of statements made by government witnesses." United States v. Percevault, et al., 490 F.2d 126 (2d Cir. 1974). Specifically, § 3500(a) of the Jencks

Act provides, in relevant part: "In any criminal prosecution by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective witness (other than the defendant) shall be the subject of . . . discovery . . . *until said witness has testified on direct examination in the trial of the case*." 18 U.S.C. § 3500(a)(emphasis added).  However, pursuant to § 3500(b), once such government witness "has testified on direct examination, the court *shall*, on motion of the defendant, *order the United States* to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(a)(emphasis added).

In United States v. Percevault, et al., 490 F.2d 126 (2d Cir. 1974), the Second Circuit Court of Appeals held that the Jencks Act prevents "a trial judge . . . from ordering pretrial disclosure of statements made by a prospective government witness over the government's objection," Id. at 132,  including "statements made by co-coconspirators who are potential government witnesses . . ." Id. at 131.  Accordingly, the court does not have the authority to compel the government to disclose the statements made by prospective government witnesses prior to trial. See e.g. United States v. Coleman, 2004 WL 413271 at *2 (D. Conn. 2004)(recognizing that the Jencks Act "prohibits a

2

district court from ordering the pretrial disclosure of [government] witness statements").

The motion (document no.60) is therefore DENIED.  The court, however, reminds the parties of the Second Circuit's observation that "in most criminal cases, pretrial disclosure [of Jencks Act material] will redound to the benefit of all parties, counsel, and the court," and although the court lacks the power to order the government to do so, "Jencks material should be transmitted prior to trial, especially in complex cases, so that those abhorrent lengthy pauses at trial to examine documents can be avoided." Id. at 132.

It is so ordered this ____ day of July, 2005 at Hartford, Connecticut.

                                           _____
                                           Alfred V. Covello
                                           United States District Judge