```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :
                              :
v.                            :      3:04CR308(AVC)
                              :
LEE BASKERVILLE               :
                              :
```

**RULING ON THE DEFENDANT'S MOTION FOR DISCLOSURE (doc.no.64)**

The defendant, Lee Baskerville, has filed the within motion (document no.64) arguing that the court should order the government to comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), by disclosing all material which is "exculpatory, a well as all materials which can be used to impeach or discredit government witnesses on the issue of guilt or punishment" at a time "sufficiently in advance of trial so as to allow the Defendant to adequately investigate, respond to and prepare for the same."

The government responds that it has "provided initial discovery disclosure to the defendant" and that it is aware of "its continuing obligation under the Court's standing order" to disclose such material.  Furthermore, the government represents that it will "provide any materials deemed to fall under the Standing Order."

The district of Connecticut's standing order on discovery in criminal cases states that "[w]ithin ten (10) days from the date of arraignment" the government must "furnish copies" of "[a]ll information known to the government which may be favorable to the

defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963)." D. Conn. L. Civ. R. Standing Order on Discovery (A)(13).  Furthermore, the standing order on discovery states that the government is under a "continuing duty . . . to reveal *immediately* to opposing counsel all newly discovered information or other material within the scope of this Standing Order." <u>Id.</u> at (E)(emphasis added).

Because the standing order already imposes on the government a duty to immediately disclose <u>Brady</u> material to the defendant, the court does not perceive the need to issue a separate order to the government in the absence of any indication that the government has thus far withheld <u>Brady</u> material.  Accordingly, the motion is DENIED without prejudice.

It is so ordered this 1st  day of July, 2005 at Hartford, Connecticut.


_____/s/_____
Alfred V. Covello
United States District Judge.