**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | 3:04CR308(AVC) |
| : | |
| LEE BASKERVILLE : | |
| : | |

**RULING ON THE DEFENDANT'S MOTION FOR DISCLOSURE (doc.no.68)**

The defendant, Lee Baskerville, has filed the within motion (document no.68) for an order directing the government to disclose "all material required under the holding of the Supreme Court in Giglio v. United States, 405 U.S. 150 (1972)."  The government responds that it "will provide any such information" and because the district of Connecticut's standing order on discovery in criminal cases already requires such disclosure "the defendant's motion should be denied as moot."

The district of Connecticut's standing order on discovery in criminal cases states, in relevant part, "[w]ithin ten (10) days from the date of arraignment" the government must "furnish copies" of "[a]ll information concerning the existence and substance of any payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 263 (1959)." D. Conn. L. Civ. R. Standing Order on Discovery (A)(10).  Furthermore, the standing order states that the government is under a "continuing duty . . . to reveal *immediately* to opposing counsel all newly discovered

information or other material within the scope of this Standing Order." Id. at (E)(emphasis added).

In light of the government's obligations under the standing order and its representation that it will provide the defendant with all Giglio material, the motion (document no.68) is DENIED without prejudice. See United States v. Coleman, 2004 WL 413271 at *1 (D. Conn. Feb. 25, 2004)(holding "[i]n light of the government's representations that it has been and will continue to comply with the requirements of . . . Giglio . . . and has provided the defendant with all available information with respect to such rule[], a court order [compelling Giglio production] is not necessary").

It is so ordered this \_\_\_\_ day of July, 2005 at Hartford, Connecticut.

                                          _____
                                          Alfred V. Covello
                                          United States District Judge