UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 3:04CR308(AVC) |
| | : | |
| LEE BASKERVILLE | : | |
| | : | |

**RULING ON THE DEFENDANT'S MOTION FOR DISCLOSURE (doc.no.52)**

The defendant, Lee Baskerville, has filed the within motion (document no.56) pursuant to Fed. R. Crim. P. 16(a)(1)(A) and Fed. R. Evid. 801(d)(2)(E) requesting that the court order the government to disclose the "identity and substance" of "all statements, oral or written" of the defendant "or any purported co-conspirator that the Government intends to introduce at trial under Fed. R. Evid. 801(d)(2)(E)." Specifically, the defendant argues that "[a]lthough the Government has disclosed certain discovery materials that arguably contain co-conspirator statements, the Government has not identified which statements it will seek to introduce against Defendant and/or his co-defendants at trial." The government responds that it "has either provided or made available numerous statements intercepted pursuant to federal wiretaps" and that its response to the within motion "will serve as notice of such statements."

Federal Rule of Criminal Procedure 16(a)(1)(A) provides, in part:

> Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest . . . if the government intends to use the

statement at trial. Fed. R. Crim. P. 16(a)(1)(A).  Rule 16 only refers to statements "by the defendant," however courts have held that Fed. R. Evid. 801(d)(2)(E) requires a broader interpretation of the government's disclosure obligations.  Fed. R. Evid. 801(d)(2) provides that an admission by a "coconspirator of a party during the course and in furtherance of the conspiracy" are non-hearsay party admissions.  Applying this treatment of coconspirator statements to Fed. R. Crim. P. 16(a)(1)(A)'s discovery requirements, some courts have held that "statements of coconspirators made during the course of and in furtherance of a conspiracy of which they and the defendants were members [should] be deemed statements of the defendant and discoverable as such." Wright & Miller § 253 at 80.  See e.g. United States v. Gallo, 654 F. Supp. 463 (E.D.N.Y. 1987).  But Cf. United States v. Biaggi, 654 F. Supp. 790, 812 (S.D.N.Y. 1987)(rejecting a broad interpretation of Rule 16(a)).

   To the extent that the government has not yet provided the defendant with the statements by the defendant or coconspirators during the course and in furtherance of the conspiracy which the government intends to use at trial, the court orders the government to do so.  As to the defendant's request that the court order the government to "identif[y] which statements it will seek to introduce" at trial, the court orders the government to confer with the defendant thirty days prior to jury selection

2

and identify which statements the government intends to introduce at trial.  See United States v. Gallo, 654 F. Supp. 463, 471 (E.D.N.Y. 1987)(discussing the inherent power of the court to regulate discovery).

     It is so ordered this 1st day of July, 2005 at Hartford, Connecticut.

                                   _____/s/_____
                                   Alfred V. Covello
                                   United States District Judge